UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TARIQ KYAM, also known as RAYMOND PERRY** | Civ. No. 14-6335 (WJM) |
| **Plaintiff,** | **ORDER** |
| v. | |
| **HUDSON COUNTY JAIL,** *et al.*, | |
| **Defendant.** | |

This matter comes before the Court on *pro se* Plaintiff Tariq Kyam's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **DENY** the motion.

Plaintiff, who is presently incarcerated at Essex County Jail, has sued Hudson County Jail and a number of correctional officers in their personal capacities. Plaintiff alleges that, while he was a pretrial detainee at Hudson County Jail, certain officers violated his constitutional rights by: (1) placing him in "lock up" for no reason; (2) giving him a top bunk in a small cell, even though they knew he required a bottom bunk for medical reasons; and (3) failing to provide adequate medical care after he fell from the top bunk. ECF doc. 1 (Compl.). Defendants deny these allegations. ECF doc. 14 (Answer).

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion to appoint counsel, the Court must first assess whether a given case or defense has merit. *Tabron*, 6 F.3d. at 155. If the case has merit, the Court must next weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

  The Court assumes without deciding that Plaintiff's claim has "some merit in fact and law." However, the *Tabron* factors do not currently weigh in favor of appointing pro bono counsel. <u>First</u>, Plaintiff appears to be capable of presenting his own case at this stage of the litigation. To date, Plaintiff has prepared and filed the Complaint and applications to proceed *in forma pauperis* and for pro bono counsel. Plaintiff states that he has vision problems and pain in his right shoulder and hand, but this does not appear to have inhibited his ability to present his case thus far. Plaintiff also expressed concern in his ability to present his case because Defendants had not yet filed an answer at the time he filed his pro bono application. However, Defendants have since answered the Complaint, *see* ECF doc. 14; therefore, this problem has been alleviated. <u>Second</u>, while Plaintiff may not be skilled "in the understanding and application of the civil rules of evident and civil practice and procedure," ECF doc. 13 at 7, the Court is familiar with these rules, and the claims in this case do not appear to raise any unique legal issues. <u>Third</u>, Plaintiff has an ability to conduct a factual investigation without the assistance of an attorney: in fact, Plaintiff has filed a comprehensive, 86-paragraph request for discovery in conjunction with his application for appointment of counsel. <u>Fourth</u>, Plaintiff has provided nothing indicating that this case will require testimony from expert witnesses, beyond a conclusory statement that it will. Therefore, mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel at this time.

  Thus, for the above reasons and for good cause shown;

  **IT IS** on this 14th day of June 2016, hereby,

  **ORDERED** that Plaintiff's application for pro bono counsel is **DENIED**. Plaintiff may renew his application for pro bono counsel if future proceedings increase his need for legal assistance. The Court may also *sua sponte* renew Plaintiff's application in the future at any time it deems appropriate.

                /s/ William J. Martini
                **WILLIAM J. MARTINI, U.S.D.J.**