| | |
|---|---|
| **TARIQ KYAM,** | |
| **Plaintiff,** | Civ. No. 2:14-6335 |
| **v.** | **OPINION** |
| **HUDSON COUNTY JAIL,** *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Tariq Kyam ("Plaintiff"), proceeding *pro se*, brings this 42 U.S.C. § 1983 action against several defendants, including CFG Health Systems, LLC ("CFG") and Paul Ittoop ("Ittoop" and with "CFG," "Defendants"). Am. Compl., ECF No. 32. He alleges, among other things, Defendants provided inadequate medical care while he was a pretrial detainee at Hudson County Jail. Defendants moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defs.' Mot., ECF No. 77. The Court decides the matter on the papers without need for oral argument. Fed. R. Civ. P. 78(b); Local Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

**I.      BACKGROUND**

The following facts are drawn from Defendants' Statement of Undisputed Material Facts ("SMF") and supporting exhibits attached in Defendants' Motion, including a copy of Plaintiff's deposition transcript, entries of Plaintiff's medical records, Defendants' medical export report, and Defendant Ittoop's sworn declaration of non-treatment. *See* Defs.' SMF, ECF No. 77-27; Defs.' Cert. of Counsel ("Defs.' Cert."), Exs. A–I, ECF No. 77-2.[1] Although the Court extended the deadline for filing opposition, ECF Nos. 82, 84, 86, Plaintiff filed no responsive motion papers.

---

[1] When facing a summary judgment motion, this District's Local Civil Rule 56.1(a) compels a non-moving party to file a responsive statement of material facts. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting *pro se* litigants "must abide by the same rules that apply to all other litigants"). Here, Plaintiff filed no responsive Rule 56.1(a) statement. Even so, courts have "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (citations omitted). Despite filing no "statement of undisputed material facts, a court may draw the relevant facts underlying the claims from available sources such as the complaint, deposition testimony, the moving litigant's Local Civil Rule 56.1 statement of undisputed material facts and

The facts are not in dispute here. From May 29 to October 2, 2014, Plaintiff was a pretrial detainee at the Hudson County Jail (the "Jail") in Kearny, New Jersey. Defs.' Cert., Ex. E at 71–72, 78; Am. Compl. ¶ 10. CFG is a health services provider at the Jail. Defs.' Answer ¶ 10, ECF No. 49.

Plaintiff arrived from Essex County Correctional Facility with orders for medications to treat constipation and to take fluids. Defs.' Cert., Ex. E at 5, 8. During the intake process on May 29, 2014, Plaintiff advised medical officials on his Jail medical history and screening questionnaire of an injured Achilles tendon, constipation, use of a cane, and use of prescribed medications. *Id.* at 5. That same day, a nurse ordered Plaintiff be admitted to the Jail's infirmary, *id* at 32, 68, to take medications for treatment of his pre-existing constipation and Achilles tendon pain, *id.* at 32–33, and to be placed on fall precautions, *id.* at 33. Plaintiff then entered the Jail's infirmary. *Id.* at 9, 33.

On May 30, 2014, Dr. Ittoop wrote Plaintiff an order for a lower bunk assignment and for Plaintiff's continued use of a cane to aid in walking. *Id.* at 32. On June 2, 2014, Plaintiff left the infirmary and arrived at his cell in the Jail's special needs medical unit (A1 West) on "lock up" status. *Id.* at 9; Defs.' Cert., Ex. H (Deposition of Tariq Kyam) (Pl.'s Dep."), Oct. 4, 2018, 42:5–10, 106:1–21, 140:24–25.

On or around June 2, 2014, Plaintiff became injured while climbing down from a top bunk. Pl.'s Dep. 36:8–22; 37:15–38:5. Nobody witnessed the fall; his cellmate was asleep. *Id.* at 38:6–16. While getting up from the floor, Plaintiff "was in some pain and a little shocked." *Id.* at 38:20.

Jail inmates must submit written requests for medical care. Plaintiff submitted a medical request slip on July 6, 2014, requesting medical care to treat backside pain and inflammation; medication for headaches, backaches, and shoulder pain; and, specific to his fall, Plaintiff was experiencing dizziness and wanted his right hand and arm examined. Defs.' Cert., Ex. E (Pl.'s Jail Medical Records) at 50. He complained the fall aggravated his previously diagnosed anal fistula and an undiagnosed injury to his right pinky finger. Pl.'s Dep. 46:3–48:16, 92:14–19; 155:4–7.

Plaintiff received treatment for his anal discharge related to his backside pain. Ex. E at 51. Just over two weeks later, Plaintiff submitted a medical slip requesting treatment for dizziness and a medical provider made notations acknowledging the treatment request. *Id.* at 52–54. Two days later, medical professionals evaluated Plaintiff and checked his blood pressure daily for a week. *Id.* at 27. Plaintiff had a follow-up visit on August 12, 2014. *Id.* at 34. Medical professionals continued monitoring Plaintiff's blood pressure, prescribed medication for dizziness (Antivert), and entered orders for diagnostic testing (an EKG) and lab work, *id.* at 11–14, 15, 34. Plaintiff's interdisciplinary progress notes contained orders for a follow-up appointment. *Id.* at 34, 47–48. Apart from planned treatments, Jail medical staff also responded, on August 13, 2014, to a "Code White" when

supporting exhibits." *Athill v. Speziale*, No. 06-4941 (SDW), 2009 WL 1874194, at *2 (D.N.J. June 30, 2009) (citations omitted).

Plaintiff complained of experiencing a racing heartbeat and dizziness while showering. *Id.* at 42. Plaintiff was then assigned to the cardiac chronic care clinic and prescribed HCTZ (a diuretic) for hypertension. *Id.* at 35, 43; Pl.'s Dep. 69:23–71:22. He remained there through his time at the Jail until October 2014.

## II.  LEGAL STANDARD

A court must grant summary judgment when "there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *accord* Fed. R. Civ. P. 56(a). There is a genuine issue of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," which "might affect the out-come of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323. If the movant meets this burden, it then shifts to the non-moving party who must produce evidence sufficient to satisfy the elements of the claim. *See United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011). "A nonmoving party may not 'rest upon mere allegations, general denials, or . . . vague statements." *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When the non-moving party cannot show a genuine dispute about a necessary element of a claim on which it bears the burden of proof at trial, then the court must grant the moving party summary judgment. *Celotex*, 477 U.S. at 322–23.

## III.  DISCUSSION

Plaintiff alleges CFG and Ittoop exhibited deliberate indifference to his medical needs when Defendants delayed or denied treatment for pre-existing medical conditions and injuries sustained in a fall from his top bunk. Am. Compl. ¶¶ 28, 53 (Count VII - denial of medical care, ¶ 56 Count IIX [*sic*] (inadequate medical care).[2] Defendants contend the record is devoid of evidence evincing a serious medical need and that Ittoop acted with deliberate indifference under the law. *See* Defs.' Br. 4–12, 15, 19, ECF No. 77-28. Defendants also argue Plaintiff has failed to identify any CFG policy or custom that caused the alleged constitutional violation. *See id.* at 19–20.

To sustain an inadequate medical care claim, a plaintiff must show the defendant displayed "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429

---

[2] Because Plaintiff was a pretrial detainee when the events giving rise to the claims occurred, his deliberate indifference claims arise under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 320 n.5 (3d Cir. 2005) ("[T]he due process rights of pre-trial detainees are at least as great as the Eighth Amendment rights of convicted and sentenced prisoners.").

U.S. 97, 104 (1976). Deliberate indifference occurs when an official recklessly disregards a substantial risk of serious harm. *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).

Inadequate medical care claims contain two requirements. *First*, a plaintiff must objectively show a serious medical need. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003) (finding a serious medical need when the "denial or delay causes an inmate to suffer a life-long handicap or permanent loss"). *Second*, a plaintiff must show that the defendant acted "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (cleaned up). That is, the defendant "exposed a prisoner to a sufficiently substantial risk of serious damage to future health." *Giles*, 571 F.3d at 330 (quoting *Farmer*, 511 U.S. at 839).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346 (noting "mere disagreement as to the proper medical treatment" cannot support a constitutional violation). When "a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017). Thus, "courts disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment," *id.* at 228, "unless it is shown to be a substantial departure from accepted professional judgment, practice or standards," *White v. Napoleon*, 897 F.2d 103, 112 (3d Cir. 1990) (citation omitted).

Municipal liability under Section 1983 may attach to companies providing inmate medical services. *West v. Atkins*, 487 U.S. 42, 54 (1988); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). But such liability cannot be grounded under a theory of respondeat superior. *Natale*, 318 F.3d at 583–84; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, liability attaches only if a plaintiff proves a policy or custom was "the moving force" behind the constitutional injury. *See, e.g.*, *See, e.g.*, *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (holding that the plaintiff must show a "direct causal link between the municipal action and the deprivation of federal rights").

Plaintiff here cannot sustain the deliberate indifference claim. Devoid from the record is sufficient evidence showing Plaintiff's complained-of medical ailments were serious or that medical officials consciously disregarded a risk of harm of which they were aware. *See Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 347 ("The detainee's condition must be such that a failure to treat [it] can be expected to lead to substantial and unnecessary suffering, injury, or death."). Even if the Court treated Plaintiff's alleged injuries sustained from his fall and his pre-existing conditions as serious, the uncontroverted medical records

show Ittoop and other Jail medical providers provided Plaintiff responsive treatment. Defendants' expert—a board certified internist and hospitalist and long-time practitioner in the field of correctional medicine—reviewed Plaintiff's medical records and concluded that Jail medical staff met the applicable standard of care. Defs.' Cert., Ex. I (Defs.' Expert Medical Report) at 7. Plaintiff offers no evidence challenging Defendants' expert report. Thus, given the medical care received at the Jail, Plaintiff's admissions that he only had intermittent pain and received treatment for his documented pre-existing conditions, and the absence of evidence showing Defendants' treatment fell outside acceptable professional standards, Plaintiff has failed to show any genuine dispute of fact as to having a serious medical need and that Defendants consciously disregarded "a substantial risk of serious harm." *Farmer*, 511 U.S. at 847; *see Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005) (finding no constitutional violation when "the evidence establishe[d] that [plaintiff] received care for his medical conditions, including evaluations by various medical personnel, prescriptions for several different medications, and an EKG performed by medical personnel"). Further, with no denial of a constitutional right, Plaintiff cannot make out a Section 1983 claim against CFG. *See Natale*, 318 F.3d at 585. Therefore, Defendants CFG and Ittoop are entitled to judgment as a matter of law.[3]

## IV.     CONCLUSION

Accordingly, Defendants' motion for summary judgment is **GRANTED**. An appropriate order follows.


_____
        */s/ William J. Martini*
        **WILLIAM J. MARTINI, U.S.D.J.**


**Dated: July 17, 2019**

---

[3] The Court also enters summary judgment in Defendants' favor in denying Plaintiff's claim for punitive damages tethered to the inadequate medical care claims. Absent from the record is evidence showing Defendants' conduct was "reckless, callous, intentional or malicious." *Springer v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006); *see also Smith v. Wade*, 461 U.S. 30, 54–56 (1983).